■ In the Matter of CORINNA CARACCI, Respondent, v STATE OF NEW YORK, Appellant.—Mikoll, J. Appeals (1) from an order of the Court of Claims (Hanifin, J.), entered October 5, 1990, which granted claimant's application pursuant to Court of Claims Act § 10 (6) for permission to file a late notice of claim, and (2) from an order of said court, entered March 1, 1991, which, upon reconsideration, adhered to its prior decision.

Claimant, a student at the State University of New York at Oneonta, was examined at the student health clinic on September 14, 1987 complaining of respiratory distress. She was treated and told to return if she had further complaints. Later the same evening the problem recurred and she sought assistance from the clinic, which failed to answer. She was referred to a nurse "on call" for the clinic who directed her to a local hospital for evaluation. A chest X ray was taken and a radiologist report was sent to the clinic. The report indicated the possible presence of either a benign or malignant mass. A CAT scan was recommended. The clinic never informed claimant of the report despite the fact that she sought examination and treatment there on a number of subsequent occasions. On May 7, 1989, some 20 months later, a growth was discovered on her neck during an examination at the clinic. She was referred back to the hospital and had X rays taken, which showed an extensive soft tissue abnormality which was found to be cancerous. She has since undergone radium and chemotherapy treatments.

Based on these facts claimant sought permission to file a late notice of claim against the State alleging negligence in not informing her of the radiological report. The Court of Claims permitted the late filing pursuant to Court of Claims Act § 10 (6). The State then moved for reconsideration of claimant's motion. Although the court granted the State's motion, it adhered to its prior decision permitting the late filing. The State now appeals.

The State contends that the motion was improperly granted because of the absence of an expert's affidavit of merit to support the claim. We disagree. The course of conduct of the clinic in these circumstances can be assessed on the basis of common everyday experience and knowledge without reference to an expert's opinion. One need not have a medical degree to conclude that claimant should have been told what the radiologist determined when he reviewed her X ray on September 15, 1987. These facts alone, without a medical opinion, are sufficient to establish merit to claimant's claim against the State. The court correctly observed that a claim in mere negligence was made out. When a risk of harm has been identified through the exercise of medical judgment, a failure to follow through by taking measures to prevent the harm may constitute actionable ordinary negligence (see, Miller v Albany Med. Center Hosp., 95 AD2d 977, 979). In ordinary negligence, a medical affidavit setting out merit is unnecessary. We find as well that a claim of medical malpractice has

also been made out and that the supporting reports of the radiologist are sufficient to establish merit *(see, De Paolo v State of New York,* 99 AD2d 762).

Casey, J. P., Yesawich Jr., Crew III and Harvey, JJ., concur. Ordered that the orders are affirmed, with costs.