■ TRACY GLASHEEN et al., Plaintiffs, v LONG ISLAND DIAGNOSTIC IMAGING et al., Defendants. (Action No. 1.) TRACY GLASHEEN et al., Respondents-Appellants, v ALBERT ADLER,

Appellant-Respondent. (Action No. 2.) [756 NYS2d 589] —In related actions, inter alia, to recover damages for medical malpractice, the defendant in Action No. 2, Albert Adler, appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County (Segal, J.), entered November 13, 2001, as denied that branch of his motion which was to dismiss the cause of action in Action No. 2 alleging negligence, and the plaintiffs in Action No. 2 cross-appeal, as limited by their brief, from so much of the same order as granted that branch of the same motion which was to dismiss the cause of action in Action No. 2 alleging medical malpractice. Justice Goldstein has been substituted for the late Justice O'Brien (*see* 22 NYCRR 670.1 [c]).

Ordered that the order is reversed insofar as appealed from, on the law, and that branch of the motion which was to dismiss the cause of action in Action No. 2 alleging negligence is granted; and it is further,

Ordered that the order is affirmed insofar as cross-appealed from; and it is further,

Ordered that one bill of costs is awarded to the appellant-respondent.

Tracy Glasheen (hereinafter the plaintiff) underwent a mammography at the defendant Long Island Diagnostic Imaging (hereinafter LIDI) in July 1998. As she was not at that time under the care of a private physician, she advised LIDI to send the films and report to her children's pediatrician, the defendant, Dr. Albert Adler. Upon being informed of this, Dr. Adler referred the plaintiff to a surgeon, Dr. Stuart Seiden (a defendant in Action No. 1), who examined the plaintiff the next month. The plaintiff was advised by Dr. Seiden that the mammography films were "fine." Nearly two years later, a mammography revealed that the plaintiff had cancer in her right breast. After her diagnosis, the plaintiff discovered that the 1998 mammography report included a suggestion that she return for further evaluation due to certain findings.

The plaintiff and her husband commenced a malpractice action against, among others, Dr. Seiden and LIDI. They subsequently commenced an action against Dr. Adler, in which they alleged causes of action based on negligence and medical malpractice. The Supreme Court properly dismissed the cause of action against Dr. Adler for medical malpractice on the ground that there was no doctor-patient relationship between him and the plaintiff. Such a relationship is created when professional services are rendered and accepted for purposes of medical or surgical treatment (*see Heller v Peekskill Com-*

*munity Hosp.,* 198 AD2d 265 [1993]; *Lee v City of New York,* 162 AD2d 34 [1990]). Although the plaintiff listed Dr. Adler as her primary care physician for the purpose of receiving her mammography report, he did not render medical treatment to her. Even if a doctor-patient relationship existed, the action was commenced after expiration of the statute of limitations for medical malpractice actions (*see* CPLR 214-a).

The Supreme Court concluded, however, that there was an issue of fact as to whether Dr. Adler's alleged failure to provide the mammography report to Dr. Seiden constituted negligence. The failure to communicate significant medical findings to a patient or her treating physician is considered negligence, rather than malpractice (*see Yaniv v Taub,* 256 AD2d 273 [1998]; *Caracci v State of New York,* 178 AD2d 876 [1991]).

The evidence in the record presents an issue of fact as to whether Dr. Adler's secretary forwarded the mammography report to the plaintiff and Dr. Seiden, as he instructed her to do, or whether, as the plaintiff maintains, she received these items directly from LIDI. Nevertheless, the plaintiff's own testimony reveals that she delivered a copy of her mammography films and the report to Dr. Seiden's office upon her initial visit. Dr. Adler's alleged negligence in failing to communicate the findings in the mammography report either to the plaintiff or to Dr. Seiden therefore was not, as a matter of law, a proximate cause of the plaintiff's injuries (*see Bartha v Lombardo Assoc.,* 212 AD2d 494 [1995]). Accordingly, the cause of action based on negligence should be dismissed.

Although the issue of proximate cause was raised for the first time on appeal, we conclude that, under the circumstances of this case, it presents an issue of law which could not have been avoided if raised in the Supreme Court, and therefore may be considered on appeal (*see Galletta v Siu-Mei Yip,* 271 AD2d 486 [2000]; *Block v Magee,* 146 AD2d 730, 732 [1989]).

The parties' remaining contentions are without merit. S. Miller, J.P., Goldstein, Friedmann and Cozier, JJ., concur.