■ TRACY GLASHEEN et al., Appellants, v LONG ISLAND DIAGNOSTIC IMAGING et al., Respondents, et al., Defendant. (Action No. 1.) TRACY GLASHEEN et al., Plaintiffs, v ALBERT ADLER, Defendant. (Action No. 2.) [763 NYS2d 832] —In two related actions, inter alia, to recover damages for medical malpractice, which were joined for trial, the plaintiffs in Action No. 1 appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Segal, J.), dated June 11, 2002, as, upon granting the motion of Long Island Diagnostic Imaging and Azad K. Anand, defendants in Action No. 1, for leave to reargue and renew their motion for summary judgment dismissing the complaint in Action No. 1 insofar as asserted against them, which was denied by prior order of the same court entered April 5, 2002, granted the motion of those defendants for summary judgment dismissing the complaint in Action No. 1 insofar as asserted against them.

Ordered that the order is affirmed insofar as appealed from, with costs.

The gravamen of the plaintiffs' claim in Action No. 1 insofar as asserted against the respondents is that they failed to report the results of a mammography directly to the injured plaintiff or her treating physician. Thus, the complaint with respect to the respondents sounds in ordinary negligence, rather than malpractice (*see Yaniv v Taub,* 256 AD2d 273 [1998]; *Matter of Caracci v State of New York,* 178 AD2d 876 [1991]).

The Supreme Court correctly dismissed the complaint in Action No. 1 insofar as asserted against the respondents. The unrefuted evidence in the record, including the injured plaintiff's own deposition testimony, reveals that both the injured plaintiff and the physician she designated received a copy of the report containing the findings of her mammography shortly after the mammography films were analyzed. Thus, the respondents made a prima facie showing of entitlement to judgment as a matter of law dismissing the complaint in Action No. 1 insofar as asserted against them, on the ground that they did not breach a duty of care to the injured plaintiff (*see generally Zuckerman v City of New York,* 49 NY2d 557 [1980]). In opposition, the plaintiffs failed to raise a triable issue of fact.

We further note that even if it could be said that there exists an issue of fact regarding the respondents' alleged breach of duty to the injured plaintiff, any such purported breach was not, as a matter of law, the proximate cause of the alleged damages for the reasons stated in *Glasheen v Long Is. Diagnostic Imaging* (303 AD2d 365 [2003]). Smith, J.P., Luciano, H. Miller and Adams, JJ., concur.