Tamara Mosezhnik, Appellant, v Anna Berenstein et al., Defendants, and Anita Moallem et al., Respondents. [823 NYS2d 459]—

In an action, inter alia, to recover damages for medical mal-

practice, the plaintiff appeals, as limited by her notice of appeal and brief, from so much of an order of the Supreme Court, Kings County (Rosenberg, J.), dated January 14, 2005, as amended by an order of the same court dated March 12, 2005, as granted those branches of the motion of the defendants Doshi Diagnostic Imaging Services and Anita Moallem which were for summary judgment dismissing the medical malpractice causes of action insofar as asserted against them and the negligence cause of action involving mammograms conducted on June 19, 1999, and June 2, 2001, insofar as asserted against Doshi Diagnostic Imaging Services.

Ordered that the order, as amended, is affirmed insofar as appealed from, with costs, and upon searching the record, that branch of the motion which was for summary judgment dismissing the negligence cause of action involving a mammogram conducted on April 26, 2000, insofar as asserted against Doshi Diagnostic Imaging Services is granted and so much of the order dated April 26, 2000, as denied that branch of the motion is vacated.

Summary judgment dismissing all of the medical malpractice causes of action asserted against the defendant Doshi Diagnostic Imaging Services (hereinafter Doshi Imaging) and the defendant Anita Moallem (hereinafter Dr. Moallem) was properly granted. Contrary to the Supreme Court's conclusion, there are triable issues of fact as to whether the medical malpractice causes of action involving the June 19, 1999, mammogram should be deemed timely under the continuous treatment doctrine as there is evidence that Doshi Imaging and its radiologists were monitoring the density of the plaintiff's breasts from 1997 to 2001, by interpreting mammography films and comparing prior mammogram results (see *Prinz-Schwartz v Levitan,* 17 AD3d 175, 178-179 [2005]; *Elkin v Goodman,* 285 AD2d 484, 486 [2001]; *Canter v East Nassau Med. Group,* 270 AD2d 381 [2000]; *Pace v Caron,* 232 AD2d 617 [1996]; *Kurland v McElwain,* 231 AD2d 685, 686 [1996]; CPLR 214-a). Nevertheless, after those defendants made a prima facie showing of their entitlement to judgment as a matter of law, the plaintiff failed to raise a triable issue of fact as to the requisite element of proximate cause (see *Anderson v Lamaute,* 306 AD2d 232, 233 [2003]). In a medical malpractice action, "a plaintiff must submit a physician's affidavit of merit attesting to a departure from accepted practice and containing the attesting doctor's opinion that the defendant's omissions or departures were a competent producing cause of the injury" (*Domaradzki v Glen Cove Ob/Gyn Assoc.,* 242 AD2d 282, 282 [1997]; *see Alvarez v*

*Prospect Hosp.,* 68 NY2d 320, 324 [1986]; *Anderson v Lamaute, supra* at 233). Here, the plaintiff submitted an expert affidavit in which the expert opined that Dr. Moallem departed from accepted practice by overlooking an "architectural distortion" evident in the plaintiff's left breast. The expert, however, failed to explain how Dr. Moallem's departure was a proximate cause of the plaintiff's injuries. The expert merely opined that the collective departures by the defendants resulted in a delayed diagnosis and treatment, and a less favorable prognosis. Such conclusory opinions were insufficient to raise a triable issue of fact concerning proximate cause (*see Dellacona v Dorf,* 5 AD3d 625 [2004]; *Kaplan v Hamilton Med. Assoc.,* 262 AD2d 609, 610 [1999]; *Yasin v Manhattan Eye, Ear & Throat Hosp.,* 254 AD2d 281, 283 [1998]; *see also Amsler v Verrilli,* 119 AD2d 786, 787 [1986]; *cf. McMahon v Badia,* 195 AD2d 445, 446 [1993]).

Similarly, the plaintiff failed to raise a triable issue of fact as to proximate cause with respect to the malpractice causes of action against Doshi Imaging involving the April 26, 2000, and June 2, 2001, mammograms. Moreover, the plaintiff and her expert, in effect, conceded that the radiologists committed no departure with regard to the findings after those mammograms. Accordingly, the Supreme Court properly granted summary dismissing those causes of action (*see Amsler v Verrilli, supra* at 786-787).

The plaintiff's contention that the radiologists at Doshi Imaging departed from accepted practice by failing to appreciate the gravity of the situation and schedule immediate testing, overlooks the limited nature of the legal obligations of Doshi Imaging and its radiologists concerning her treatment. "Although physicians owe a general duty of care to their patients, that duty may be limited to those medical functions undertaken by the physician and relied on by the patient" (*Chulla v DiStefano,* 242 AD2d 657, 658 [1997]; *see Markley v Albany Med. Ctr. Hosp.,* 163 AD2d 639, 640 [1990]). Here, none of the radiologists at Doshi Imaging were the plaintiff's treating physicians. The radiologists had the limited role of interpreting mammography films and documenting their findings. Neither Doshi Imaging nor Dr. Moallem assumed a general duty of care to schedule or urge further testing, or diagnose the plaintiff's medical conditions (*see Wasserman v Staten Is. Radiological Assoc.,* 2 AD3d 713, 714 [2003]; *Giberson v Panter,* 286 AD2d 217 [2001]).

The plaintiff's remaining causes of action against Doshi Imaging sound in ordinary negligence rather than medical malpractice (*see Glasheen v Long Is. Diagnostic Imaging,* 303 AD2d

365, 367 [2003]; *Yaniv v Taub,* 256 AD2d 273, 274 [1998]; *McKinney v Bellevue Hosp.,* 183 AD2d 563, 564-565 [1992]). A defendant may be held liable for ordinary negligence upon his or her failure to communicate significant medical findings to a patient or her treating physician (*see Glasheen v Long Is. Diagnostic Imaging, supra* at 367; *Matter of Caracci v State of New York,* 178 AD2d 876, 877 [1991]). The plaintiff asserts that Doshi Imaging was negligent and violated the Mammography Quality Standards Act (hereinafter MQSA) by failing to mail letters to her sufficiently relating the mammography findings (*see* 42 USC § 263b [f] [1] [G] [ii]). Although a violation of a statute is probative of negligence, a negligence cause of action must fail absent a showing of proximate cause (*see generally Bauer v Female Academy of Sacred Heart,* 97 NY2d 445, 453-454 [2002]; *Basso v Miller,* 40 NY2d 233, 242 [1976]; *Martin v Herzog,* 228 NY 164, 168 [1920]; *Ragona v Hamilton Hall Realty,* 251 AD2d 391, 392 [1998]; *O'Leary v American Airlines,* 100 AD2d 959, 959-960 [1984]).

Here, the plaintiff cannot demonstrate that Doshi Imaging's purported failure to adequately communicate the mammography results or comply with the MQSA was the proximate cause of a delayed diagnosis or damages. The overwhelming evidence in the record demonstrates that the plaintiff or her treating physician Dr. Berenstein obtained all the mammography reports or the results thereof from Doshi Imaging (*see Glasheen v Long Is. Diagnostic Imaging, supra* at 367). Consequently, the Supreme Court properly granted summary judgment dismissing the negligence causes of action against Doshi Imaging involving the June 19, 1999, and June 2, 2001, mammograms. Further, upon searching the record, the remaining negligence cause of action involving the April 26, 2000, mammogram should be dismissed. Miller, J.P., Crane, Santucci and Luciano, JJ., concur.