■ TROY R. BENNETT, Respondent, v LONG ISLAND JEWISH MEDICAL CENTER et al., Appellants. [859 NYS2d 470]—

In an action, inter alia, to recover damages for medical malpractice, the defendants appeal from so much of an order of the Supreme Court, Queens County (Price, J.), entered November 22, 2006, as granted that branch of the plaintiff's cross motion which was for leave to amend the complaint to assert a cause of action sounding in negligence.

Ordered that the order is affirmed insofar as appealed from, with costs.

In January 2002, while taking part in a clinical trial conducted by the defendant Dr. Mark J. Shikowitz at the facilities of the defendant Long Island Jewish Medical Center (hereinafter LIJ), the plaintiff underwent a CT scan of his lungs. Although the scan report revealed nothing of consequence with respect to the limited subject matter of the clinical trial, it specifically noted a "2 cm cyst in the right lobe of the thyroid." Dr. Shikowitz, however, did not review the scan report and so failed to discover the existence of the cyst. At his deposition, Dr. Shikowitz conceded that, had he known of the cyst, he would have referred the plaintiff to a thyroid surgeon for further evaluation.

Approximately two years later, in January 2004, the plaintiff obtained from LIJ a copy of his medical file. Upon reading the CT scan report, the plaintiff first learned of the existence of the cyst. Shortly thereafter, he was diagnosed with thyroid cancer.

The plaintiff subsequently commenced this action against the defendants, inter alia, to recover damages for medical malpractice. The defendants moved, among other things, for summary judgment dismissing the complaint as time-barred, and the plaintiff cross-moved, inter alia, for leave to amend the complaint to assert a cause of action sounding in negligence. The Supreme Court, among other things, dismissed the medical malpractice cause of action as time-barred, and granted leave to assert a negligence cause of action. The defendants appeal from so much of the order as granted leave to amend the complaint. We affirm.

The Supreme Court providently exercised its discretion in granting the plaintiff leave to amend his complaint to assert a cause of action sounding in negligence. "Leave to amend or supplement pleadings should be freely granted unless the

amendment sought is palpably improper or insufficient as a matter of law, or unless prejudice and surprise directly result from the delay in seeking the amendment" (*Maloney Carpentry, Inc. v Budnik,* 37 AD3d 558 [2007]; *see* CPLR 3025 [b]; *Lucido v Mancuso,* 49 AD3d 220 [2008], *lv granted* 2008 NY Slip Op 68750[U] [2d Dept 2008]). On the facts presented, we cannot characterize as palpably improper or insufficient as a matter of law the amendment alleging that the defendants were negligent in failing to review the CT scan report and apprise the plaintiff of the results (*see Mosezhnik v Berenstein,* 33 AD3d 895, 898 [2006]; *Glasheen v Long Is. Diagnostic Imaging,* 303 AD2d 365, 367 [2003]; *Yaniv v Taub,* 256 AD2d 273, 274 [1998]; *Matter of Caracci v State of New York,* 178 AD2d 876, 877 [1991]).

"A defendant may be held liable for ordinary negligence upon his or her failure to communicate significant medical findings to a patient" (*Mosezhnik v Berenstein,* 33 AD3d at 898; *see Glasheen v Long Is. Diagnostic Imaging,* 303 AD2d 365 [2003]). Although a medical judgment certainly would have been required to determine the significance of the CT scan results (*see Russo v Shah,* 278 AD2d 474, 475 [2000]), one need not have a medical degree to conclude that the plaintiff should have been informed of those results (*see Matter of Caracci v State of New York,* 178 AD2d at 877). He was not so informed, however, because Dr. Shikowitz allegedly failed to review the CT scan report, and thereby missed the opportunity to form any medical judgment (*cf. Huntley v State of New York,* 62 NY2d 134, 137 [1984]).

The record presented does not permit resolution as a matter of law of the question whether, under the particular facts of this case, Dr. Shikowitz's alleged failure to review the CT scan constituted medical malpractice, in which case the plaintiff's claim would be time-barred, or, instead, was the result of ordinary negligence, in which case the claim would be timely. However, because we can say that, on this record, the assertion of a still-timely cause of action sounding in ordinary negligence is not palpably improper or insufficient as a matter of law and would not result in prejudice or surprise, we affirm the order granting the plaintiff leave to amend his complaint to assert such a cause of action.

The defendants' remaining contention was not raised before the motion court and, therefore, is not properly before us. Skelos, J.P., Fisher, Dillon and McCarthy, JJ., concur.