# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1251**
**CA 12-00631**
PRESENT: SMITH, J.P., CENTRA, LINDLEY, AND WHALEN, JJ.

---

DANIEL MANCUSO, AS EXECUTOR OF THE ESTATE OF
ROSE M. KIJ, DECEASED, PLAINTIFF-RESPONDENT,

V                                        MEMORANDUM AND ORDER

KALEIDA HEALTH, DOING BUSINESS AS MILLARD
FILLMORE GATES HOSPITAL, ET AL., DEFENDANTS,
AND TWIN CITY AMBULANCE CORPORATION,
DEFENDANT-APPELLANT.

---

MACDONALD & HAFNER, ESQS., BUFFALO (PHYLISS A. HAFNER OF COUNSEL), FOR
DEFENDANT-APPELLANT.

BROWN CHIARI LLP, LANCASTER (DAVID W. OLSON OF COUNSEL), FOR
PLAINTIFF-RESPONDENT.

-----------------------------------------------------------------------------

Appeal from an order of the Supreme Court, Erie County (Donna M. Siwek, J.), entered July 13, 2011. The order, insofar as appealed from, denied that part of the motion of defendant Twin City Ambulance Corporation seeking dismissal of plaintiff's seventh cause of action.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this action against numerous defendants alleging, inter alia, that their negligence caused the wrongful death of Rose M. Kij (decedent). In addition, plaintiff alleged in the seventh cause of action that Twin City Ambulance Corporation (defendant) "was negligent in the medical transportation services that it provided to [decedent]." Defendant moved pursuant to CPLR 3211 and 3212 for an order dismissing the amended complaint against it based upon the statute of limitations and plaintiff's failure to attach a certificate of merit to the amended complaint (*see* CPLR 3012-a). Supreme Court granted that part of the motion seeking dismissal of the claim for wrongful death against defendant in the fourth cause of action, but it denied that part of the motion seeking dismissal of the seventh cause of action, concluding that such cause of action sounded in ordinary negligence. We now affirm.

Plaintiff's sole basis for liability against defendant in the seventh cause of action is that defendant failed to deliver to the hospital a medication list that was prepared by a member of decedent's family and given to defendant's employees by that family member. While we agree with defendant that a mistake in taking a patient's

medical history is a claim that sounds in medical malpractice (*see generally Bleiler v Bodnar*, 65 NY2d 65, 72), the claim here concerns the "failure to communicate significant medical findings to a . . . treating physician," and that claim sounds in ordinary negligence (*Mosezhnik v Berenstein*, 33 AD3d 895, 898; *see Glasheen v Long Is. Diagnostic Imaging*, 306 AD2d 515, 515, *lv denied* 3 NY3d 612; *Yaniv v Taub*, 256 AD2d 273, 274).  Because the seventh cause of action sounds in ordinary negligence, it is governed by the three-year statute of limitations found in CPLR 214 and is thus timely.  Furthermore, "[i]n ordinary negligence, a medical affidavit setting out merit is unnecessary" *(Matter of Caracci v State of New York*, 178 AD2d 876, 877; *see generally* CPLR 3012-a).

Entered:  November 9, 2012                    Frances E. Cafarell
                                              Clerk of the Court