# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1302**
**CA 13-00760**
PRESENT: CENTRA, J.P., PERADOTTO, CARNI, SCONIERS, AND WHALEN, JJ.

---

FREDERICK INGUTTI AND MARY INGUTTI,
PLAINTIFFS-RESPONDENTS,

V                                                    MEMORANDUM AND ORDER

ROCHESTER GENERAL HOSPITAL, DEFENDANT-APPELLANT.

---

OSBORN, REED & BURKE, LLP, ROCHESTER (JENNIFER M. SCHWARTZOTT OF COUNSEL), FOR DEFENDANT-APPELLANT.

MCCONVILLE, CONSIDINE, COOMAN & MORIN, P.C., ROCHESTER (PETER J. WEISHAAR OF COUNSEL), FOR PLAINTIFFS-RESPONDENTS.

---

Appeal from an order of the Supreme Court, Monroe County (Thomas M. Van Strydonck, J.), entered September 18, 2012. The order, among other things, denied the motion of defendant for partial summary judgment seeking dismissal of the first cause of action.

It is hereby ORDERED that the order insofar as appealed from is reversed on the law without costs, the motion is granted and the first cause of action is dismissed.

Memorandum: Plaintiffs commenced this negligence and medical malpractice action seeking damages for injuries sustained by Frederick Ingutti (plaintiff) when he left defendant hospital against medical advice and was found approximately two hours later by the police, disoriented and with frostbitten fingers that required partial amputation. We conclude that Supreme Court erred in denying defendant's motion for partial summary judgment seeking dismissal of the first cause of action. In that cause of action, plaintiffs alleged that defendant was negligent in failing to prevent plaintiff from leaving the hospital and in failing to ensure plaintiff's safety when he left the hospital inasmuch as defendant's staff did not contact plaintiff's wife or make arrangements for someone to pick him up. We agree with defendant that, pursuant to *Kowalski v St. Francis Hosp. & Health Ctrs.* (21 NY3d 480, 484-485), which was decided after the court rendered its decision (*see generally Gurnee v Aetna Life & Cas. Co.*, 55 NY2d 184, 191, *rearg denied* 56 NY2d 567, *cert denied* 459 US 837; *Matter of Elsa R. [Gloria R.]*, 101 AD3d 1688, 1688-1689, *lv denied* 20 NY3d 862; *Klepper v Klepper*, 120 AD2d 154, 157), it did not have a duty to prevent plaintiff from leaving the hospital against medical advice. We further agree with defendant that it did not have the concomitant duty to ensure plaintiff's safe return home (*see Kowalski*, 21 NY3d at 484-485).

We disagree with our dissenting colleagues that *Kowalski* does not apply to the facts of this case because plaintiff herein was admitted to the hospital, whereas the plaintiff in *Kowalski* was not. Indeed, we note that the Court began its analysis by stating that "[t]here are surely few principles more basic than that the members of a free society may, with limited exceptions, come and go as they please" (*id.* at 485). The Court also stated that "[t]o restrain plaintiff on these facts would have exposed defendants to liability for false imprisonment" (*id.* at 486). We conclude that those statements also apply to the facts here. Although plaintiff had been admitted to the hospital for medical treatment, there is no statute or principle of common law that would permit the hospital to force plaintiff to remain in the hospital when he decided to leave (*see id.* at 486). We further conclude that the dissent's reliance on *Horton v Niagara Falls Mem. Med. Ctr.* (51 AD2d 152, 154, *lv denied* 39 NY2d 709) and *Papa v Brunswick Gen. Hosp.* (132 AD2d 601, 603) is misplaced inasmuch as the issue in those cases was the scope of a hospital's duty to a patient while the patient was in its care *in the hospital*. Those cases did not hold that the hospital had a duty to prevent the patient from leaving the hospital and, under *Kowalski*, there is no such duty.

All concur except SCONIERS and WHALEN, JJ., who dissent and vote to affirm in the following Memorandum: We respectfully dissent because we cannot agree with the majority's conclusion that *Kowalski v St. Francis Hosp. & Health Ctrs.* (21 NY3d 480, 484-485) compels the award of partial summary judgment dismissing the first of cause of action, for negligence, under the circumstances of this case. Rather, we would conclude that Supreme Court properly denied defendant's motion for partial summary judgment seeking dismissal of the first cause of action.

In *Kowalski*, the Court of Appeals held that defendants did not have a duty to prevent the plaintiff from leaving the defendant hospital's emergency room because Mental Hygiene Law § 22.09 prohibits the involuntary retention of people who come in voluntarily (*see id.* at 485-486), and "there can be no duty to do that which the law forbids" (*id.* at 486). Here, however, Frederick Ingutti (plaintiff) had been admitted to the hospital and was no longer in the emergency room, thus rendering Mental Hygiene Law § 22.09 inapplicable (*see* 14 NYCRR 304.3 [c]). Notably, the Court in *Kowalski* limited its holding to "the facts of this case" (*id.* at 483).

Contrary to the view of the majority, we conclude that, because plaintiff was admitted to the hospital, defendant had the duty "to exercise reasonable care and diligence in safeguarding [plaintiff], measured by the capacity of [plaintiff] to provide for his own safety" (*Horton v Niagara Falls Mem. Med. Ctr.*, 51 AD2d 152, 154, *lv denied* 39 NY2d 709; *see Papa v Brunswick Gen. Hosp.*, 132 AD2d 601, 603). We conclude that there are issues of fact whether defendant failed to meet that duty. Plaintiff was admitted to the hospital for acute pancreatitis, acute alcohol intoxication, alcohol withdrawal, and delirium tremors (DTs). Plaintiff's wife informed the hospital staff that plaintiff had a history of altered mental status during

withdrawal.  Indeed, during a stay at the same hospital a year and a half earlier, plaintiff similarly experienced DTs and severe confusion.  As a result of his present condition, plaintiff's wife thought that plaintiff might attempt to discharge himself and leave the facility.  Plaintiff's wife therefore requested that hospital staff contact her if plaintiff tried to leave, and a nurse manager assured her that she would watch plaintiff and indicate on his chart that he was an escape risk.  Although plaintiff filled out a release indicating that he was leaving the hospital against medical advice at 11:00 p.m. on February 6, 2007, he wrote the date as "5-07" and the time as 2:00 p.m., thereby suggesting that he did not know the date or time of day.  In addition there was a notation in plaintiff's medical chart that he was "confused with direction."  In light of those facts, we cannot conclude that defendant met its burden of establishing that it was not negligent as a matter of law when it failed to prevent plaintiff from leaving the hospital and failed to ensure plaintiff's safety when he left the hospital.

Entered:  February 14, 2014                          Frances E. Cafarell
                                                     Clerk of the Court