■ JAMES M. BOWEN, Appellant, v NASSAU COUNTY et al., Respondents. [24 NYS3d 143]—

In an action to recover damages for negligence and violation of 42 USC § 1983, the plaintiff appeals from an order and judgment (one paper) of the Supreme Court, Nassau County (Galasso, J.), entered January 22, 2013, which granted that branch of the defendants' motion which was pursuant to CPLR 3211 (a) (7) to dismiss the causes of action alleging violation of 42 USC § 1983 and, sua sponte, dismissed the causes of action alleging negligence on the ground that the statute of limitations had expired.

Ordered that the order and judgment is affirmed, with costs.

The plaintiff commenced this action against Nassau County, the Nassau County Police Department, and police officers "John Does #1, 2 and 3" to recover damages for negligence and violation of 42 USC § 1983 based on alleged tortious and unconstitutional conduct by the officers. The defendants moved pursuant to CPLR 3211 (a) (7) to dismiss the complaint for failure to state a cause of action. The Supreme Court granted that branch of the defendants' motion which was pursuant to CPLR 3211 (a) (7) to dismiss the causes of action alleging violation of 42 USC § 1983 and dismissed the causes of action alleging negligence on the ground that the statute of limitations had expired, even though the defendants did not raise any statute of limitations issue in support of their motion.

The Supreme Court erred in dismissing the plaintiff's causes of action alleging negligence on the ground that the statute of

limitations had expired, since the defendants did not assert that defense in support of their motion to dismiss (*see Paladino v Time Warner Cable of N.Y. City*, 16 AD3d 646, 647 [2005]). Nevertheless, those causes of action were properly dismissed because the plaintiff's allegations failed to state a cause of action (*see* CPLR 3211 [a] [7]; *Leon v Martinez*, 84 NY2d 83, 87-88 [1994]).

The Supreme Court properly granted those branches of the defendants' motion which were to dismiss the causes of action alleging a violation of 42 USC § 1983. Inasmuch as the plaintiff alleges, in effect, that the officers deprived him of a property right in violation of his constitutional right to substantive due process, he was required to allege, inter alia, facts showing that the officers' challenged conduct was arbitrary or irrational in the constitutional sense (*see Bower Assoc. v Town of Pleasant Val.*, 2 NY3d 617, 627-628 [2004]; *Town of Orangetown v Magee*, 88 NY2d 41, 52-53 [1996]). "Substantive due process . . . does not forbid governmental actions that might fairly be deemed arbitrary or capricious and for that reason correctable in a state court lawsuit seeking review of administrative action. Substantive due process standards are violated only by conduct that is so outrageously arbitrary as to constitute a gross abuse of governmental authority" (*Natale v Town of Ridgefield*, 170 F3d 258, 263 [2d Cir 1999]; *see Bower Assoc. v Town of Pleasant Val.*, 2 NY3d at 628; *Sonne v Board of Trustees of Vil. of Suffern*, 67 AD3d 192, 201 [2009]). Based on the allegations of the complaint, the officers' challenged conduct did not rise to the level of violating substantive due process standards. In any event, the plaintiff's allegations failed to show that the officers' challenged conduct caused his claimed damages. Rivera, J.P., Hall, Roman and Sgroi, JJ., concur.