# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

677

CA 15-01950

PRESENT: WHALEN, P.J., CENTRA, PERADOTTO, AND CARNI, JJ.

---

FREDERICK INGUTTI AND MARY INGUTTI,
PLAINTIFFS-RESPONDENTS,

V                                                   MEMORANDUM AND ORDER

ROCHESTER GENERAL HOSPITAL, DEFENDANT-APPELLANT.

---

OSBORN, REED & BURKE, LLP, ROCHESTER (JENNIFER M. SCHWARTZOTT OF
COUNSEL), FOR DEFENDANT-APPELLANT.

MCCONVILLE, CONSIDINE, COOMAN & MORIN, P.C., ROCHESTER (PETER J.
WEISHAAR OF COUNSEL), FOR PLAINTIFFS-RESPONDENTS.

---

Appeal from an order of the Supreme Court, Monroe County (Evelyn Frazee, J.), entered August 3, 2015. The order, insofar as appealed from, denied that part of the motion of defendant seeking dismissal of plaintiffs' second, fourth and fifth causes of action.

It is hereby ORDERED that the order so appealed from is affirmed without costs.

Memorandum: Plaintiffs commenced this negligence and medical malpractice action seeking damages for injuries sustained by Frederick Ingutti (plaintiff) when he left defendant hospital after signing a form entitled "Release From Responsibility For Discharge" (RFRD) and was found approximately two hours later by the police, disoriented and with frostbitten fingers that required partial amputation. On a prior appeal, we held that Supreme Court erred in denying defendant's motion for partial summary judgment dismissing the first cause of action, for ordinary negligence (*Ingutti v Rochester Gen. Hosp.*, 114 AD3d 1302, *appeal dismissed* 23 NY3d 929). After our decision, defendant moved to dismiss the remaining causes of action in the complaint pursuant to CPLR 3211 (a) (7), which alleged medical malpractice, gross negligence, lack of informed consent and loss of consortium. The court granted the motion only in part, dismissing the cause of action for gross negligence. We affirm.

In the prior appeal, in the context of defendant's motion for partial summary judgment seeking dismissal of the ordinary negligence cause of action, we held that, pursuant to *Kowalski v St. Francis Hosp. & Health Ctrs.* (21 NY3d 480, 484-485), defendant did not have a duty to prevent plaintiff from leaving the hospital against medical advice or to ensure plaintiff's safe return home (*Ingutti*, 114 AD3d at 1302-1303). Here, we are now called upon to assess plaintiffs'

medical malpractice cause of action in the context of defendant's CPLR 3211 (a) (7) motion to dismiss.  Defendant contends that *Kowalski* is dispositive of plaintiffs' medical malpractice cause of action and that there is no distinction between the duty analysis with respect to plaintiffs' ordinary negligence and medical malpractice causes of action.

Our standard of review is well established: "[o]n a motion to dismiss pursuant to CPLR 3211, the pleading is to be afforded a liberal construction" (*Leon v Martinez*, 84 NY2d 83, 87, citing CPLR 3026).  Courts must "accept the facts as alleged in the complaint as true, accord plaintiffs the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (*id.* at 87-88).  In reviewing a motion under CPLR 3211 (a) (7), a court may freely consider affidavits submitted by plaintiffs to remedy any defects in the complaint (*see Rovello v Orofino Realty Co.*, 40 NY2d 633, 635), and "the criterion is whether the proponent of the pleading has a cause of action, not whether he [or she] has stated one" (*Guggenheimer v Ginzburg*, 43 NY2d 268, 275).

Although "no rigid analytical line separates the two" (*Scott v Uljanov*, 74 NY2d 673, 674), we have long recognized the distinction between an ordinary negligence cause of action against a hospital and/or a physician (*see Mancusco v Kaleida Health*, 100 AD3d 1468, 1468-1469; *White v Sheehan Mem. Hosp.*, 119 AD2d 989, 989) and a medical malpractice cause of action against a hospital and/or a physician (*see Harrington v St. Mary's Hosp.*, 280 AD2d 912, 912, *lv denied* 96 NY2d 710; *Smee v Sisters of Charity Hosp. of Buffalo*, 210 AD2d 966, 967).  We note that there is no prohibition against simultaneously pleading both an ordinary negligence cause of action and one sounding in medical malpractice (*see e.g. Piccoli v Panos*, 130 AD3d 704, 705-706; *Miller v Albany Med. Ctr. Hosp.*, 95 AD2d 977, 978-979; *see generally* CPLR 3014).  It is simply beyond cavil "that an action for personal injuries may be maintained, in the proper case, on the dual theories of medical malpractice or simple negligence where a person is under the care and control of a medical practitioner or a medical facility" (*Twitchell v MacKay*, 78 AD2d 125, 127).  Moreover, in a proper case, both theories may be presented to the jury (*see Kerker v Hurwitz*, 163 AD2d 859, 859-860, *amended on rearg* 166 AD2d 931).

Here, the medical malpractice cause of action alleges, inter alia, that defendant did not properly assess plaintiff's medical and mental status and rendered medical care that was not in accordance with good and accepted medical practice, and that the discharge of plaintiff was not in accordance with good and accepted medical practices.  In opposition to defendant's motion, plaintiffs submitted the affidavit of a physician specializing in psychiatry and forensic psychiatry who attested to numerous deviations from the standard of care in the treatment and assessment of plaintiff by defendant *prior* to the time that plaintiff signed the RFRD.  We note that, although defendant contends that plaintiff was not "discharged," defendant's

own RFRD belies that contention.  Plaintiffs also submitted the affidavit of a registered nurse who attested to numerous deviations from the standard of nursing care by defendant's staff in the treatment and discharge planning of plaintiff, all of which occurred leading up to and *prior* to the time that plaintiff signed the RFRD. Contrary to defendant's contention, we conclude that those allegations together with the complaint state a cause of action for medical malpractice with a duty and standard of care distinct from that alleged in plaintiffs' now-dismissed ordinary negligence cause of action (*see Fox v White Plains Med. Ctr.*, 125 AD2d 538, 538-539).

Defendant further contends that the fourth cause of action, for lack of informed consent (*see* Public Health Law § 2805-d), should have been dismissed because plaintiff's injuries did not result from an affirmative violation of his physical integrity.  That contention is raised for the first time on appeal and is therefore unpreserved for our review (*see Ring v Jones*, 13 AD3d 1078, 1079).  Although defendant's notice of motion and supporting attorney affirmation made reference to the fourth cause of action, the court properly noted that defendant made no specific legal or factual arguments with respect thereto, and we decline to consider that contention (*see Healthcare Capital Mgt. v Abrahams*, 300 AD2d 108, 109), particularly in light of the fact that defendant's tactical course deprived plaintiffs of the opportunity to submit affidavits to remedy any defects in the complaint (*see Rovello*, 40 NY2d at 635).

In light of our determination with respect to plaintiffs' medical malpractice and lack of informed consent causes of action, we reject defendant's contention that the court erred in denying its motion to dismiss the derivative cause of action (*cf. Klein v Metropolitan Child Servs., Inc*., 100 AD3d 708, 711).

All concur except CENTRA, J.P., who dissents and votes to reverse the order insofar as appealed from in accordance with the following memorandum:  I respectfully dissent and agree with defendant that Supreme Court should have granted defendant's motion to dismiss the complaint in its entirety.  As noted by the majority, we held on the prior appeal that, pursuant to *Kowalski v St. Francis Hosp. & Health Ctrs.* (21 NY3d 480, 484-485), defendant did not have a duty to prevent Frederick Ingutti (plaintiff) from leaving the hospital against medical advice or to ensure plaintiff's safe return home (*Ingutti v Rochester Gen. Hosp.*, 114 AD3d 1302, 1302-1303, *appeal dismissed* 23 NY3d 929).  We therefore held that the court erred in denying defendant's motion for partial summary judgment dismissing the first cause of action, for negligence (*id.* at 1302).  Defendant now seeks to dismiss the remaining causes of action in the complaint pursuant to CPLR 3211 (a) (7).

With respect to the medical malpractice and lack of informed consent causes of action, I conclude that those causes of action should be dismissed for the same reason that the negligence cause of action was dismissed.  Those causes of action are based on similar allegations that defendant allowed plaintiff to leave the hospital

against medical advice.  In *Kowalski* (21 NY3d at 484), the plaintiff also alleged causes of action for negligence and medical malpractice, which were both dismissed on appeal.  Plaintiffs here argue that defendant committed malpractice by failing to plan and provide for a proper and safe discharge of plaintiff and by failing to assess and document plaintiff's treatment and condition before he left the hospital.  As in *Kowalski*, however, the gravamen of the complaint is that defendant should not have allowed plaintiff to leave the hospital (*see id*.).  Here, as in *Kowalski*, "[n]othing in this record . . . supports an inference that there was any causal connection between any of the alleged departures from protocol . . . and plaintiff's injury.  This case is about whether defendant[] had a duty to prevent plaintiff from leaving the hospital, and nothing else" (*id.* at 486).

Inasmuch as I conclude that the medical malpractice and lack of informed consent causes of action should be dismissed, the derivative cause of action must be dismissed as well (*see Moore v First Fed. Sav. & Loan Assn. of Rochester*, 237 AD2d 956, 957).

Entered:  December 23, 2016                          Frances E. Cafarell
                                                     Clerk of the Court