Whitfield v State of New York (2018 NY Slip Op 04773)





Whitfield v State of New York


2018 NY Slip Op 04773


Decided on June 27, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 27, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
SHERI S. ROMAN
BETSY BARROS
LINDA CHRISTOPHER, JJ.


2016-03621

[*1]John Whitfield, appellant, 
v
State of New York, respondent. (Claim No. 118863)


John Whitfield, Brooklyn, NY, appellant pro se.
Barbara D. Underwood, Attorney General, New York, NY (Judith N. Vale and David Lawrence III of counsel), for respondent.



DECISION & ORDER
In a claim, inter alia, to recover damages for medical malpractice, the claimant appeals from a judgment of the Court of Claims (Thomas H. Scuccimarra, J.), dated March 18, 2016. The judgment, upon a decision of the same court dated January 28, 2016, made after a trial, dismissed the claim.
ORDERED that the judgment is affirmed, without costs or disbursements.
The claimant alleges that the defendant's agents and employees failed to timely diagnose and treat the claimant's urinary tract infection (hereinafter UTI) while he was in the custody of the Department of Corrections and Community Supervision at various correctional facilities from 1988 to 2010, and then fraudulently concealed his medical condition and their medical malpractice. The claimant filed a notice of intention to file a claim in September 2008, and thereafter filed this claim in August 2010 alleging, inter alia, medical malpractice, ordinary negligence, and fraud. After a trial, the Court of Claims found that the claimant failed to establish by a preponderance of the evidence that the defendant committed medical malpractice or ordinary negligence, or any other basis for liability. The court also found that so much of the claim as was based on events occurring prior to 90 days before the claim was served on the defendant was time-barred. A judgment was entered dismissing the claim, and the claimant appeals.
The Court of Claims erred in finding that so much of the claim as was based on events occurring prior to 90 days before the claim was served was time-barred on the ground of the claimant's noncompliance with Court of Claims Act § 10(3), since the defendant's failure to plead [*2]that defense or to move to dismiss the claim upon that ground effected a waiver of that jurisdictional defect (see Court of Claims Act § 11[c]; Scott v State of New York, 204 AD2d 424, 425; Pelnick v State of New York, 171 AD2d 734, 735; see also Bowen v Nassau County, 135 AD3d 800, 800-801; Paladino v Time Warner Cable of N.Y. City, 16 AD3d 646, 647). Nevertheless, the claim was properly dismissed because the claimant failed to establish that the defendant committed medical malpractice, ordinary negligence, or fraud.
"To establish a prima facie case of medical malpractice, a plaintiff must set forth (1) the standard of care in the locality where the treatment occurred, (2) that the defendant breached that standard of care, and (3) that the breach was the proximate cause of his or her injuries" (Elkin v Goodman, 24 AD3d 717, 720; see Meiselman v Crown Hgts. Hosp., 285 NY 389). Further, where, as here, the subject matter (UTIs) and treatment thereof are "not within the ordinary experience and knowledge of laypersons" (Estate of Ward v Hoffman, 139 AD2d 691, 693), the claimant must establish a prima facie case of medical malpractice through expert medical opinion (see McDermott v Manhattan Eye, Ear & Throat Hosp., 15 NY2d 20, 24).
Here, a fair interpretation of the evidence supports the conclusion of the Court of Claims that the claimant failed to establish any departure from accepted medical practice or that any alleged departure was a proximate cause of his injuries. The evidence adduced at trial established that the claimant's laboratory tests in 1988, 2001, and 2006 showed bacteria in his urine, and that he was not diagnosed with a UTI until 2008. However, there was no expert testimony that the failure to diagnosis a UTI based solely upon a laboratory report showing bacteria in the urine was a deviation from accepted standards of care, or that the failure to diagnose a UTI until 2008 was a proximate cause of any of the medical conditions or ailments that the claimant allegedly sustained as a result of the allegedly delayed diagnosis. The evidence did not establish that any ordinary negligence on the part of the defendant's employees in failing to communicate the results of the claimant's laboratory reports to him was a proximate cause of his injury (see Mosezhnik v Berenstein, 33 AD3d 895, 897; Rodriguez v Montefiore Med. Ctr., 28 AD3d 357, 357-358). Furthermore, the claimant failed to prove that he sustained any damages due to the alleged fraudulent concealment of medical malpractice by the defendant's employees that were separate and distinct from the damages caused by the alleged malpractice (see Rochester Fund Muns. v Amsterdam Mun. Leasing Corp., 296 AD2d 785, 788; Abraham v Kosinski, 251 AD2d 967, 968; Ross v Community Gen. Hosp. of Sullivan County, 150 AD2d 838, 842).
The claimant's remaining contention is without merit.
CHAMBERS, J.P., ROMAN, BARROS and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court