People v Goldman (2019 NY Slip Op 08880)





People v Goldman


2019 NY Slip Op 08880


Decided on December 11, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 11, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

2017-04274
 (Index No. 12109/10)
[*1]Janice Razzano, respondent, v
v
Lawrence Goldman,
etc., et al., appellants.
 
 
Chesney, Nicholas & Brower, LLP, Syosset, NY (Stephen V. Morello of counsel), for appellants.
Joseph C. Stroble, Sayville, NY, for respondent.



DECISION & ORDER
In an action, inter alia, to recover damages for medical malpractice, the defendants appeal from an order of the Supreme Court, Suffolk County (James Hudson, J.), dated December 1, 2016. The order, insofar as appealed from, denied that branch of the defendants' motion which was for summary judgment dismissing the cause of action alleging, in effect, breach of physician-patient confidentiality.
ORDERED that the order is affirmed insofar as appealed from, with costs.
At all relevant times, the plaintiff was employed by the Remsenburg-Speonk Union Free School District (hereinafter the School District). In April 2008, the plaintiff allegedly began experiencing respiratory problems while at work. Despite attempts at treatment and other measures taken to resolve the problem, the plaintiff's symptoms continued.
In March 2009, the School District's Superintendent of Schools contacted the plaintiff's primary care physician, the defendant Lawrence Goldman, and requested that he examine the plaintiff pursuant to Education Law § 913 to determine the plaintiff's physical ability to perform her duties for the School District. Goldman agreed, and following the examination, forwarded a written report to the Superintendent of Schools containing his findings. Goldman annexed to the report copies of medical records from hospitals and other providers that the plaintiff had provided to him for the examination.
The plaintiff subsequently commenced this action against Goldman and his medical practice, the defendant First Choice Medical, PLLC, alleging, inter alia, in effect, breach of physician-patient confidentiality arising from Goldman's disclosure of the medical records she had provided to him. The defendants moved, inter alia, for summary judgment dismissing that cause of action. By order dated December 1, 2016, the Supreme Court, inter alia, denied that branch of the defendants' motion. The defendants appeal.
Pursuant to CPLR 4504(a), a physician may not "disclose any information which he [or she] acquired in attending a patient in a professional capacity, and which was necessary to enable him [or her] to act in that capacity," unless the patient waives the privilege. A physician may be held [*2]liable in damages for breach of the patient's right to confidentiality. "The elements of a cause of action for breach of physician-patient confidentiality are: (1) the existence of a physician-patient relationship; (2) the physician's acquisition of information relating to the patient's treatment or diagnosis; (3) the disclosure of such confidential information to a person not connected with the patient's medical treatment, in a manner that allows the patient to be identified; (4) lack of consent for that disclosure; and (5) damages" (Chanko v American Broadcasting Cos. Inc., 27 NY3d 46, 53-54).
Contrary to the defendants' contention, they did not demonstrate, prima facie, the absence of a physician-patient relationship with respect to the subject examination or that the plaintiff waived the physician-patient privilege with respect to the records she provided for the examination. A physician-patient relationship exists when professional services are rendered and accepted for purposes of medical treatment (see Glasheen v Long Is. Diagnostic Imaging, 303 AD2d 365; Heller v Peekskill Community Hosp., 198 AD2d 265). Where an examination is conducted solely for the purpose of rendering an evaluation for a third party, only a limited physician-patient relationship exists, which merely requires a physician not to cause physical harm to the examinee (see Bazakos v Lewis, 12 NY3d 631, 635).
Here, prior to the examination, the plaintiff had expressed concern to Goldman about the fact that he would be performing the examination for the School District even though he was her primary care physician, and she had suggested that those circumstances might present a conflict of interest. Goldman testified at his deposition that, with respect to those concerns, he and the plaintiff had come to "an understanding" that they mutually wanted what was in the plaintiff's "best interest in fixing the problem" (emphasis added). He further testified that he considered himself to be an "advocate" for the plaintiff, as well as the School District, that he advised the plaintiff that he believed that his knowledge of her would be beneficial for her, and that he was "looking for an answer that would benefit [her] health." In light of this testimony and the surrounding circumstances, the defendants failed to demonstrate, prima facie, that the subject examination was conducted solely for the purpose of rendering an evaluation for the School District, such that only a limited physician-patient relationship existed with respect to that examination. Nor did they demonstrate, prima facie, that the medical records disclosed by Goldman were provided to him solely for the purpose of a third-party evaluation, rather than a treatment purpose, and that the plaintiff waived the privilege with respect to those records.
The defendants also failed to meet their burden of demonstrating, prima facie, that the plaintiff did not suffer any damages as a result of the alleged breach of physician-patient confidentiality. As to that issue, the defendants both pointed to gaps in the plaintiff's evidence, instead of affirmatively demonstrating the merits of their defense, and made claims without evidentiary support, neither of which was sufficient to meet their summary judgment burden (see Grucci v Grucci, 174 AD3d 790; Iannucci v Kucker & Bruh, LLP, 161 AD3d 959, 960).
Accordingly, we agree with the Supreme Court's determination to deny that branch of the defendants' motion which was for summary judgment dismissing the cause of action alleging, in effect, breach of patient-physician confidentiality.
BALKIN, J.P., CHAMBERS, AUSTIN and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court