(October 18, 2012)

■ Refael Braun, Individually and as Proposed Executor of Bozena Braun, Deceased, Respondent, v Blair S. Lewis, M.D., et al., Appellants. [953 NYS2d 12]—

This action was commenced on August 31, 2009, more than 2½ years after plaintiff's decedent was last seen by defendant physician, and plaintiff failed to offer a viable basis for the possible application of the continuous treatment doctrine so as to toll the limitations period. Defendant physician performed colonoscopies on plaintiff's decedent on February 10, 2006 and August 28, 2006, and there is no indication that the physician and the patient both explicitly anticipated further treatment by the physician for the same condition (*see Richardson v Orent-*

*reich*, 64 NY2d 896, 898 [1985]). Indeed, the exchange of correspondence in March 2007 establishes the contrary. In response to defendant's letter dated March 5, 2007, advising that it was time for the patient's "surveillance examination" and asking that the patient call to schedule the procedure, plaintiff wrote the following response:

"Please be advised that your records are incorrect. My Wife, Bozena Braun [the decedent] is not due for 'surveillance examination,' as stated in your letter, since she had a colonoscopy on August 28, 2006, after which she ended up in the emergency room in L.I.J.

"In fact, to date we did not get a written report of the result of this test. We respectfully request that you send us a copy of the test results to the address below." Therefore, plaintiff's malpractice claim is untimely (CPLR 214-a).

However, when evidence is submitted on a motion to dismiss, we look to whether plaintiff has a cause of action, rather than whether it is pleaded (*see Guggenheimer v Ginzburg*, 43 NY2d 268, 275 [1977]). Although the complaint is framed in terms of medical malpractice, plaintiff's allegations that defendant physician failed to communicate significant medical findings to decedent support a potentially meritorious claim for ordinary common-law negligence (*see Bennett v Long Is. Jewish Med. Ctr.*, 51 AD3d 959 [2d Dept 2008]; *see also Yaniv v Taub*, 256 AD2d 273, 274 [1st Dept 1998]). While defendant sent letters to plaintiff's primary care physician after each colonoscopy, there is nothing in the record indicating that he forwarded the pathology reports that were subsequently issued.

Because the statute of limitations for negligence claims had not expired at the time of death, the wrongful death claim is timely (*see* EPTL 5-4.1). Concur—Gonzalez, P.J., Saxe, DeGrasse, Freedman and Román, JJ.